UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:21-cv-2083

| | |
|---|---|
| JOHN-DAVID SULLIVAN, individually, | : |
| Plaintiff, | : |
| vs. | : |
| CREDIT UNION OF COLORADO, a Federal Credit Union; | : |
| Defendant. | / |

## COMPLAINT
(Injunctive Relief Demanded)

PLAINTIFF, JOHN-DAVID SULLIVAN, individually, as a mobility impaired individual (sometimes referred to as "Plaintiff"), hereby sues the Defendant, CREDIT UNION OF COLORADO, a Federal Credit Union (sometimes referred to as "Defendant"); for injunctive relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

1. Plaintiff, the John-David Sullivan, is an individual who resides in Fort Collins, Colorado, in the County of Larimer.

2. Defendant CREDIT UNION OF COLORADO, owns the real estate and the improvements thereon described in Special Warranty Deed, reception #20170052873, recorded August 8, 2017, in the real estate records of the Larimer County Recorder, State of Colorado also known by street and number as 2420 E. Harmony Road, Fort Collins, Colorado 80528-3423 ("the Property").

3. The CREDIT UNION OF COLORADO is located on the Property ("Credit

Union").

4. Venue is proper in the District of Colorado because venue lies in the judicial district of the situs of Property. The Defendant's Property and Credit Union are located in and do business within this judicial district.

5. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202.

6. Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA, 42 U.S.C. § 12181(7)(F), and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104.

7. The Credit Union is a bank and serves the public.

8. The Credit Union is a place of public accommodation.

9. Defendant is responsible for complying with the obligations of the ADA.

10. The parking lot and improvements on the Property were constructed after the year 2000.

11. Plaintiff John-David Sullivan is a Colorado resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. Judge Sullivan fractured his hip and it was surgically repaired but his mobility is permanently impaired, his knees have also suffered deterioration, and he requires the use of a walker for mobility.

12. Judge Sullivan visits the Credit Union several times a year to conduct his banking business. Judge Sullivan has a savings account and a credit card with the Credit Union and he recently closed out a car loan he had with the Credit Union.

13. Judge Sullivan visited the Property which forms the basis of this lawsuit on June

24, 2021 to conduct banking business at the Credit Union and to pay off the car loan he had with the Credit Union.

14. Judge Sullivan plans to return to the Property to avail himself of the services offered to the public at the Property and at the Credit Union.

15. The Plaintiff has definite plans to return to the Property and the Credit Union in September 2021.

16. The Property and Credit Union are near his home in Fort Collins, Colorado.

17. The Plaintiff plans to return to the Credit Union to conduct his banking business several times a year.

18. For the reasons set forth in paragraphs 12-17 and 29, Judge Sullivan plans to return to the Property and to the Credit Union.

19. The Plaintiff has encountered architectural barriers at the Property and in the parking lot in front of the Credit Union.

20. The barriers to access that the Plaintiff encountered at the Property and the parking lot in front of the Credit Union have endangered his safety, and have impaired his ability to access the Property and the Credit Union.

21. The Plaintiff's need to use a walker limits his mobility when surfaces are not nearly flat.

22. The Plaintiff cannot move over curbs with his walker without assistance because he lacks the strength and also risks tipping his walker backwards or forwards.

23. On his visit to the Property, the Plaintiff encountered a narrow parking space for disabled patrons, a narrow access aisle, and a raised curb along the accessible route.

24. In the parking lot in front of the Credit Union, the parking space for disabled patrons

is less than 96 inches wide.

25. In the parking lot in front of the Credit Union, the access aisle is less than 60 inches wide.

26. In the parking lot in front of the Credit Union, the access aisle abuts a raised curb along the accessible route to the entrance to the Credit Union.

27. The Plaintiff is deterred from visiting the Property and the Credit Union even though he enjoys its services, because of the difficulties he will experience there until the Property is made accessible to him using a walker.

28. Judge Sullivan has a realistic, credible, existing and continuing threat of discrimination from the Defendant' non-compliance with the ADA with respect to the Property as described but not necessarily limited to the allegations in paragraph 36 of this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant.

29. Judge Sullivan desires to visit the Property not only to avail himself of the services available at the Credit Union and the Property but to assure himself that the Property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the Property without fear of discrimination.

30. The Defendant has discriminated against the individual by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the building, as prohibited by 42 U.S.C. § 12182 et seq.

31. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of

$500,000 or less).

32. Physical conditions that exist at the Property are accurately described in each romanette "(i)" in each lettered subparagraph of paragraph 36 below.

33. Judge Sullivan informed the "manager" of the Credit Union of the barriers to access the Credit Union, but such barriers to access remain.

34. Preliminary inspections of the Property show that violations of the ADA exist as set forth in paragraph 36 below.

35. The violations of the ADA that Judge Sullivan personally encountered or observed at the Property include, but are not limited to, those set forth in paragraph 36 below.

36. Regarding access to the Credit Union at the Property:

**PARKING**

a. (i) In the parking lot in front of the Credit Union, the one parking space for disabled individuals is less than 96 inches wide. (ii) This parking space for disabled patrons is less than 96 inches wide, in violation of Federal Law 2010; ADAAG §§ 502.2. (iii) The narrow width of this parking space, which space abuts a concrete curb, made it difficult for the Plaintiff to unload from and load back into a vehicle. (iv) The action required to restripe this parking space is easily accomplishable and able to be carried out without much difficulty or expense.

b. (i) In the parking lot in front of the Credit Union, the access aisle abuts the raised concrete curb along the accessible route to the front entrance of the Credit Union and terminates at the end of the parking space for disabled patrons. (ii) Neither end of the existing access aisle adjoins an accessible route, in violation of Federal Law 2010; ADAAG § 502.3. (iii) Due to the nature of this access aisle, the Plaintiff required

assistance to be lifted over the curb to access the Credit Union.  (iv) The action required to construct a curb ramp along the accessible route to the front entrance of the Credit Union is easily accomplishable and able to be carried out without much difficulty or expense.

c.   (i) In the parking lot in front of the Credit Union, the access aisle for the parking space for disabled patrons is less than 60 inches wide.  (ii) This access aisle is less than 60 inches wide, in violation of Federal Law 2010; ADAAG § 502.3.1.  (iii) The Plaintiff encountered this narrow access aisle while using his walker to try to access the Credit Union, and this condition deters the Plaintiff from visiting the Property and the Credit Union.  (iv) The action required to restripe and increase the width of this access aisle is easily accomplishable and able to be carried out without much difficulty or expense.

37.    All of the foregoing violations are also violations of the 1991 Americans with Disability Act Accessibility Guidelines (ADAAG), and the 2010 Standards for Accessible Design, as promulgated by the U.S. Department of Justice.

38.    The discriminatory violations described in paragraph 36 are not an exclusive list of the Defendant's ADA violations.  Plaintiff requires the inspection of the Defendant's places of public accommodation in order to photograph and measure areas to which barriers prevented his access.

39.    The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's building and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above.  The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.

40. Defendant has discriminated against the individual by denying individuals access to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq.

41. Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

42. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between the Plaintiff and Defendant, a remedy in equity is warranted.

43. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

44. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's places of public accommodation since January 26, 1992, then the Defendant are required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals

who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facilities are ones which were designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facilities must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

45. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

46. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff injunctive relief, including an order to require the Defendant to alter the Property, Credit Union, and the parking lot, access aisles and walkways to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facilities until such time as the Defendant cures its violations of the ADA.

**WHEREFORE,** Plaintiff respectfully requests:

a. The Court issue a Declaratory Judgment that determines that the Defendant is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

b. Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and to take such steps that

may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

      c.      An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205, 28 U.S.C. § 1920, 42 U.S.C. § 2000e-5(k), and 42 U.S.C. § 12117(a).

      d.      Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff, John-David Sullivan, by and through his undersigned counsel, hereby designates Denver, Colorado as the place of trial for this action.

                            Respectfully submitted,

                            s/Robert J. Vincze
                            Robert J. Vincze (CO #28399)
                            Law Offices of Robert J. Vincze
                            PO Box 792; Andover, Kansas 67002
                            Phone: 303-204-8207
                            Email: vinczelaw@att.net

                            *Attorney for Plaintiff John-David Sullivan*